# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

JOAN DOE, a minor, by MARY DOE
and RICHARD DOE, her parents and
natural guardians and JANE POE, a
minor, by JUDY POE and JOHN
POE, her parents and natural guardians,

Civil Action No.

        Plaintiffs,

v.

UPPER ST. CLAIR SCHOOL DISTRICT;
DR. PATRICK T. O'TOOLE, in his
individual capacity; DR. TERRENCE
KUSHNER, in his individual capacity; DR.
MICHAEL GHILANI, in his individual capacity;
DR. SHARON SURITSKY, in her individual
capacity; LOU ANGELO, in his individual
capacity; JACE B. PALMER, in his individual
capacity; JENNIFER WAGNER, in her individual
capacity; WESLEY SPECTRUM SERVICES;
THE WESLEY INSTITUTE, INC.; WESLEY
ACADEMY; THE WESLEY INSTITUTE, INC.
d/b/a WESLEY ACADEMY; WESLEY
SPECTRUM SERVICES FOUNDATION;
ESTHER R. VON WALDOW f/k/a Esther
R. Haguel, in her individual capacity,

        Defendants.                JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiffs, Joan Doe, a minor, by Mary Doe and Richard Doe, her parents and natural
guardians and Jane Poe, a minor, by Judy Poe and John Poe, her parents and natural guardians,
through undersigned counsel file this Civil Complaint and in support allege the following:

### I. The Parties

1.    Plaintiff Joan Doe is a minor female and resident of the Commonwealth of

1

Pennsylvania, County of Allegheny, Township of Upper St. Clair, who at all times relevant hereto was a high school student at Upper St. Clair High School.

2.      Plaintiffs Mary and Richard Doe are adult individuals who at all times relevant hereto were residents of the Commonwealth of Pennsylvania, County of Allegheny.

3.      Plaintiff Jane Poe is a minor female and resident of the Commonwealth of Pennsylvania, County of Allegheny, Township of Upper St. Clair, who at all times relevant hereto was a high school student at Upper St. Clair High School.

4.      Plaintiffs Judy and John Poe are adult individuals who at all times relevant hereto were residents of the Commonwealth of Pennsylvania, County of Allegheny.

5.      Defendant Upper St. Clair School District is a political subdivision of the Commonwealth of Pennsylvania.  Its principal place of business is at 1820 McLaughlin Run Road, Upper St. Clair, Pennsylvania 15241.  At all times relevant hereto, Upper St. Clair School District operated an education program or activity which received federal financial assistance within the meaning of 20 U.S.C. § 1687.

6.      Defendant Dr. Patrick O'Toole, at all times relevant hereto, was the Superintendent of Upper St. Clair School District.  At all times relevant to the facts and circumstances of this action he acted or failed to act under color of state law, as a state actor and in his individual capacity.  His business address is c/o Upper St. Clair School District, 1820 McLaughlin Run Road, Upper St. Clair, Pennsylvania 15241.  He is sued in his individual capacity.

7.      Defendant Dr. Terrence Kushner, at all times relevant hereto, was the Assistant to the Superintendent and Director of Secondary Education of Upper St. Clair School District.  At all times relevant to the facts and circumstances of this action he acted or failed to act under color of

2

state law, as a state actor and in his individual capacity.  His business address is c/o Upper St. Clair School District,1820 McLaughlin Run Road, Upper St. Clair, Pennsylvania 15241.  He is sued in his individual capacity.

8.      Defendant Michael Ghilani, at all times relevant hereto, was the Principal of Upper St. Clair High School.  At all times relevant to the facts and circumstances of this action he acted or failed to act under color of state law, as a state actor and in his individual capacity.  His business address is c/o Upper St. Clair School District,1820 McLaughlin Run Road, Upper St. Clair, Pennsylvania 15241.  He is sued in his individual capacity.

9.      Defendant Dr. Sharon Suritsky, at all times relevant hereto, was the Supervisor of Special Education for Upper St. Clair High School.  At all times relevant to the facts and circumstances of this action she acted or failed to act under color of state law, as a state actor and in her individual capacity.  Her business address is c/o Upper St. Clair School District,1820 McLaughlin Run Road, Upper St. Clair, Pennsylvania 15241.  She is sued in her individual capacity.

10.     Defendant Louis Angelo, at all times relevant hereto, was the Assistant Principal of Upper St. Clair High School.  At all times relevant to the facts and circumstances of this action he acted or failed to act under color of state law, as a state actor and in his individual capacity.  His business address is c/o Upper St. Clair School District,1820 McLaughlin Run Road, Upper St. Clair, Pennsylvania 15241.  He is sued in his individual capacity.

11.     Defendant Jace B. Palmer, at all times relevant hereto, was the Assistant Principal of Upper St. Clair High School.  At all times relevant to the facts and circumstances of this action he acted or failed to act under color of state law, as a state actor and in his individual capacity.  His business address is c/o Upper St. Clair School District,1820 McLaughlin Run Road, Upper St. Clair,

3

Pennsylvania 15241.  He is sued in his individual capacity.

12.     Defendant Jennifer Wagner, at all times relevant hereto, was a Teacher for the Upper St. Clair High School.  At all times relevant to the facts and circumstances of this action she acted or failed to act under color of state law, as a state actor and in her individual capacity.  Her business address is c/o Upper St. Clair School District, 1820 McLaughlin Run Road, Upper St. Clair, Pennsylvania 15241.  She is sued in her individual capacity.

13.     Defendant Wesley Spectrum Services, at all times relevant hereto, had a contract to provide special education services to Upper St. Clair School District.  Its business address is c/o Wesley Spectrum Services, 243 Johnston Road, Pittsburgh, PA 15241.  Based upon information and belief, at all times relevant hereto, Wesley Spectrum Services operated an education program or activity which received federal financial assistance within the meaning of 20 U.S.C. § 1687.

14.     Defendant The Wesley Institute, Inc., at all times relevant hereto, had a contract to provide special education services to Upper St. Clair School District.  Its business address is c/o Wesley Spectrum Services, 243 Johnston Road, Pittsburgh, PA 15241.  Based upon information and belief, at all times relevant hereto, The Wesley Institute, Inc. operated an education program or activity which received federal financial assistance within the meaning of 20 U.S.C. § 1687.

15.     Defendant Wesley Academy, at all times relevant hereto, had a contract to provide special education services to Upper St. Clair School District.  Its business address is c/o Wesley Spectrum Services, 243 Johnston Road, Pittsburgh, PA 15241.  Based upon information and belief, at all times relevant hereto, Wesley Academy operated an education program or activity which received federal financial assistance within the meaning of 20 U.S.C. § 1687.

16.     Defendant The Wesley Institute, Inc. d/b/a Wesley Academy, at all times relevant

4

hereto, had a contract to provide special education services to Upper St. Clair School District. Its business address is c/o Wesley Spectrum Services, 243 Johnston Road, Pittsburgh, PA 15241. Based upon information and belief, at all times relevant hereto, The Wesley Institute, Inc. d/b/a Wesley Academy operated an education program or activity which received federal financial assistance within the meaning of 20 U.S.C. § 1687.

17.     Wesley Spectrum Services Foundation, at all times relevant hereto, had a contract to provide special education services to Upper St. Clair School District. Its business address is c/o Wesley Spectrum Services, 6117 Broad Street, Pittsburgh, PA 15206. Based upon information and belief, at all times relevant hereto, Wesley Spectrum Services Foundation operated an education program or activity which received federal financial assistance within the meaning of 20 U.S.C. § 1687.

18.     Defendant Esther Von Waldow f/k/a Esther Haguel at all times relevant hereto, was an employee of Wesley Spectrum Services, The Wesley Institute, Inc., Wesley Academy, The Wesley Institute, Inc. d/b/a Wesley Academy and/or Wesley Spectrum Services Foundation and worked in Upper St. Clair High School as a special education teacher. At all times relevant to the facts and circumstances of this action she acted or failed to act under color of state law, as a state actor and in her individual capacity. Her business address is c/o Wesley Spectrum Services, 243 Johnston Road, Pittsburgh, PA 15241. She is sued in her individual capacity.

## II.     Jurisdiction

19.     This action arises under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, 20 U.S.C. § 1681, et. seq. and Pennsylvania state law. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343 and supplemental jurisdiction over related state

5

law claims pursuant to 28 U.S.C. § 1367.

### III.    Factual Background

20.    Joan Doe and Jane Poe were students at Upper St. Clair High School during the 2007-2008 academic school year.

21.    Joan Doe and Jane Poe were children with disabilities within the meaning of the Individuals with Disabilities Education Act, 20 USC § 1401, et seq., and received Individualized Education Programs provided by Upper St. Clair School District, Wesley Spectrum Services, The Wesley Institute, Inc., Wesley Academy, The Wesley Institute, Inc. d/b/a Wesley Academy and Wesley Spectrum Services Foundation.

22.    Michael Roe also received special education services provided by Upper St. Clair School District, Wesley Spectrum Services, The Wesley Institute, Inc., Wesley Academy, The Wesley Institute, Inc.d/b/a Wesley Academy and Wesley Spectrum Services Foundation.

23.    Joan Doe, Jane Poe and Michael Roe were assigned to the same special education classes at Upper St. Clair High School from August 2007 through February 2008.  These special education classes were taught by Esther Von Waldow.

24.    Prior to this academic year, Defendants knew Roe had an extensive history of committing violent acts both in and out of school and that his reputation was for having a dangerous and violent propensity to assault female students.

25.    This history includes suspensions from school prior to the 2007-2008 academic year for violations of school policies, including, but not limited to, pushing female students up against lockers and assaulting them.

26.    Despite Defendants' knowledge of Roe's propensities, they permitted Roe to  attend

classes with these female students and to roam the halls freely, without an adult escort.

27.     His pattern of assaulting females continued in the autumn of 2007 when he sexually assaulted a female classmate at knifepoint.

28.     In September 2007, after dismissal, Roe attacked Doe in a secluded stairwell in Upper St. Clair High School.  He then forced her outside to the school grounds where he forcibly removed her pants and brutally raped her.  While committing the rape, Roe punched Doe in the side of the head, causing her to lose consciousness and sustain severe injuries, including a concussion.

29.     During this rape, neither Defendants nor their agents or employees were patrolling and/or monitoring the areas where the sexual assault and rape occurred.

30.     On December 9, 2007, Roe again sexually assaulted a female student.

31.     This female student reported the assaults to Defendants, who took no action to stop or prevent Roe's violent and destructive behavior or to protect these female students.  Instead, Roe was permitted to remain in class and to continue to roam the halls unescorted.

32.     In early January 2008, Roe violently sexually assaulted a female student in an unmonitored lower level area of the high school.

33.     Female victims again reported these attacks to Defendants, but their pleas for help were again either trivialized or ignored.

34.     Despite Defendants' knowledge of these prior attacks, and Roe's dangerous and violent propensity, nothing was done to stop these attacks or to protect these female students.

35.     Roe's assaults and rapes of female victims continued.  On Friday, February 1, 2008 in an unsecured area of Upper St. Clair High School after school hours, Roe raped another special education student.

7

36.     Then, on Monday, February 4, 2008 around 3:30 pm, Roe violently raped Poe in the same secluded hallway where the prior rapes occurred.  This area was without video surveillance.

37.     Thirty minutes later, he raped another victim in the same unmonitored stairwell.

38.     Again, neither Defendants nor their agents or employees were patrolling and/or monitoring this secluded stairwell.

39.     Female victims again came forward to Defendants and, only after these numerous assaults, was Roe removed from school and police reports filed.

### COUNT I-42 U.S.C. §1983
### Plaintiffs v. Upper St. Clair School District

40.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 39 as if fully restated herein.

41.     As previously set forth, Defendants' actions, individually and/or jointly, created a a hostile educational environment, a state-created danger, where it was foreseeable that Doe and Poe would suffer injury and harm.

42.     This discrimination by Defendants against Plaintiffs because of their gender deprived Plaintiffs, under color of state law, of liberty without Due Process of Law, and also deprived Plaintiffs of the  Equal Protection of Law in violation of the 14th  Amendment of the United States Constitution and 42 U.S.C. §1983.

43.     Defendants O'Toole, Kushner, Ghilani, Suritsky, Angelo, Palmer, Wagner and Von Waldow were policy making officials and/or instructors capable of influencing policy at Upper St. Clair School District who knew, or should have known, of the conduct of Roe toward Plaintiffs specifically and other female students of Upper St. Clair School District generally.

8

44.     The actions of Defendants constituted willful disregard, gross recklessness and deliberate indifference for Doe and Poe's personal safety, well-being and right to life in derogation of the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution.

45.     Further, Defendants' actions resulted in the seizure of Doe and Poe's persons in derogation of the Fourth Amendment of the United States Constitution.

46.     The relationship between Defendants and Doe and Poe was such that Defendants had knowledge of the likelihood that Doe and Poe would suffer the harm they did.

47.     Indeed, female students complained of Roe's conduct to Upper St. Clair officials but nothing was done to stop the conduct.

48.     Despite this knowledge, Roe was permitted to continue to have contact with female students at Upper St. Clair High School.

49.     Defendants' conduct, their position and authority as state actors facilitated, enabled and created a dangerous situation and made Doe and Poe particularly vulnerable to harm.

50.     Upper St. Clair School District's inaction in the face of the aforesaid sexual assaults and rapes communicated a message of approval to Roe and others that it was proper and/or permissible to engage in the above described conduct.

51.     Defendants further, through their conscious indifference and utter disregard in the training and monitoring of their agents and employees, fostered and created the atmosphere, custom and practice whereby individuals, namely Doe and Poe, were not protected.

52.     These practices, customs and policies created a climate at Upper St. Clair School District that facilitated sexual assaults and rapes of female students by Roe.

9

53.     Upper St. Clair School District further failed to report these sexual assaults as required by The Child Protective Services Law, 23 Pa.C.S.A. § 6301 et. seq.

54.     As a result of the aforesaid acts and omissions Upper St. Clair School District has, under color of state law, officially permitted and sanctioned the discrimination of Plaintiffs because of their sex.

55.     Other persons similarly situated to Doe and Poe were not exposed to these repeated sexual assaults by Roe.  Doe and Poe were discriminated against by the Defendants in that they created an official pattern, practice or custom of permitting or tolerating such discrimination and allowed or permitted Roe to sexually assault Doe and Poe.  The discrimination was grossly reckless, deliberately indifferent and had no rational basis for occurring.

56.     As a direct and proximate result of grossly reckless and deliberately indifferent actions and/or failures to act of the Defendants, Doe and Poe's Equal Protection rights as guaranteed by the Fourteenth Amendment of the United States Constitution were violated.

57.     As a direct and proximate result of Upper St. Clair School District's reckless indifference to known or reasonably suspected sexual assaults and rapes, Plaintiffs have sustained the following injuries:

>    (a)     Great mental anguish and emotional strain;
>
>    (b)     Loss of income and benefits;
>
>    (c)     Deprivation of the ordinary pleasures of life; and
>
>    (d)     Severe pain and suffering caused by exposure to a hostile educational environment and to Roe's sexual assaults and rapes.

WHEREFORE, Plaintiffs demand judgment against Defendant Upper St. Clair School

District for deprivation of their right to Equal Protection of the Law, and damages as follows:

      (a)    That Defendants be permanently enjoined from discriminating against Plaintiffs because of their sex;

      (b)    That Defendants be permanently enjoined from retaliating against Plaintiffs because of their sex or their assertion of this action;

      (c)    That Plaintiffs be awarded actual and consequential damages in an amount to be proven at trial, plus interest;

      (d)    That Plaintiffs be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiffs suffered as a result of Defendants' conduct;

      (e)    That Plaintiffs be awarded against Defendants the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee; and

      (f)    That Plaintiffs be awarded such further relief as this Court deems to be just and proper, in an amount to be proven at trial.

## COUNT II-TITLE IX
### Plaintiffs v. Upper St. Clair School District

58.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 57 as if fully set forth herein.

59.    As set forth above, Plaintiffs while students at Upper St. Clair High School were subjected to sexual assaults, rapes and other conduct of a sexual nature.

60.    The above described conduct was intentional and was directed at Plaintiffs and other female students because of their sex.

61.    The above described conduct was severe and pervasive in that Plaintiffs were subjected to sexual assaults and rapes.

62.    The above described conduct detrimentally affected Plaintiffs as they were required

to attend school and study in an environment permeated with discriminatory intimidation, ridicule and sexual violence.

63.     The above described hostile environment would detrimentally affect a reasonable person in the same situation as Plaintiffs.

64.     Officials and policy makers of Upper St. Clair School District knew or were recklessly indifferent to the fact and existence of the charged sexual atmosphere in Upper St. Clair High School but failed to take action reasonably calculated to end the sexual harassment and assaults.

65.     As set forth above Defendant Upper St. Clair School District acted and failed to act with reckless indifference to Plaintiffs' federally protected right to attend school and study in a federally funded educational program or activity free from sexual harassment, assaults and rapes.

66.     By its actions and inactions, Upper St. Clair School District excluded Plaintiffs, because of their sex, from participation in educational programs and activities receiving federal financial assistance; denied Plaintiffs the benefits of educational programs and activities receiving federal financial assistance and subjected Plaintiffs to discrimination under educational programs and activities receiving federal financial assistance in violation of 20 U.S.C. § 1681(a).

67.     As a direct and proximate result of Defendant's creation of a hostile educational environment, Plaintiffs have sustained the injuries and damages set forth above in Paragraph 53.

WHEREFORE, Plaintiffs demand judgment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, against Defendant Upper St. Clair School District as follows:

(a)     That Defendants be permanently enjoined from discriminating against

12

Plaintiffs on any basis forbidden;

(b)     That Plaintiffs be awarded compensatory and punitive damages in an amount to be proven at trial;

(c)     That Plaintiffs be awarded against Defendants the costs and expenses of this litigation, including a reasonable attorney's fee;

(d)     That Defendants be ordered to establish and enforce policies and procedures as required by Title IX and the regulations adopted pursuant to Title IX, designed to eliminate sexual harassment and assaults in its educational programs; and

(e)     That Plaintiffs be awarded such further relief as this Court deems to be just and proper, in an amount to be proven at trial.

### COUNT III-42 U.S.C. §1983
### Plaintiffs v. Wesley Spectrum Services, The Wesley Institute, Inc.,
### Wesley Academy, The Wesley Institute, Inc. d/b/a Wesley Academy,
### Wesley Spectrum Services Foundation and Von Waldow

68.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 67 as if fully restated herein.

69.     The conduct of Defendants, as set forth above, created a hostile educational environment and discriminated against Plaintiffs because of their gender.

70.     The discrimination by Defendants against Plaintiffs because of their gender deprived Plaintiffs, under color of state law, of liberty without Due Process of Law, and also deprived Plaintiffs of Equal Protection of law in derogation of the 14th Amendment of the United States Constitution and violation of 42 U.S.C. §1983.

71.     Defendants Wesley Spectrum Services, The Wesley Institute, Inc., Wesley Academy, The Wesley Institute, Inc. d/b/a Wesley Academy, Wesley Spectrum Services Foundation and Von Waldow [hereinafter "Wesley Defendants"] had a contract with Upper St. Clair School District to

13

provide special education services to high school students.

72.    As such, Wesley Defendants were policy making officials whose employees or agents were capable of influencing policy at Upper St. Clair School District and who knew, or should have known, of Roe's conduct toward Plaintiffs specifically and other female students of Upper St. Clair School District generally.

73.    The conduct of Roe was so blatant that Wesley Defendants knew or should have known of it, and Defendants' inaction, in the face of such known or reasonably suspected sexual assaults and rapes, was recklessly indifferent to Plaintiffs' right to Equal Protection of Law.

74.    Indeed, female students complained of Roe's conduct to Wesley Defendants but nothing was done to stop the conduct.

75.    Despite this knowledge, Wesley Defendants took no action reasonably calculated to stop Roe's conduct.  Indeed, he was permitted to continue to have contact with female students at Upper St. Clair High School.

76.    Wesley Defendants' inaction in the face of the aforesaid sexual assaults and rapes communicated a message of approval to Roe and others that it was proper and/or permissible to engage in the above described conduct.

77.    The above described conduct by Roe was so pervasive and ongoing as to constitute a well-settled practice and custom of Wesley Defendants.

78.    Wesley Defendants adopted and maintained a practice, custom and policy of deliberate or reckless indifference to instances of known or reasonably suspected sexual assaults and rapes of Plaintiffs and other female students.

79.    These practices, customs and policies created a climate at Upper St. Clair School

14

District that facilitated sexual assaults and rapes of female students by Roe.

80.     Wesley Defendants further failed to report these sexual assaults as required by The Child Protective Services Law, 23 Pa.C.S.A. § 6301 et. seq.

81.     As a result of the aforesaid acts and omissions Wesley Defendants has, under color of state law, officially permitted and sanctioned the discrimination against Plaintiffs because of their sex.

82.     As a direct and proximate result of Wesley Defendants' reckless indifference to known or reasonably suspected sexual assaults and rapes, Plaintiffs have sustained the following injuries:

      (a)     Great mental anguish and emotional strain;

      (b)     Loss of income and benefits;

      (c)     Deprivation of the ordinary pleasures of life; and

      (d)     Severe pain and suffering caused by exposure to a hostile educational environment and to Roe's sexual assaults and rapes.

WHEREFORE, Plaintiffs demand judgment against Wesley Spectrum Services, The Wesley Institute, Inc., Wesley Academy, The Wesley Institute, Inc. d/b/a Wesley Academy, Wesley Spectrum Services Foundation and Von Waldow for deprivation of their right to Equal Protection of the Law, and damages as follows:

      (a)     That Defendants be permanently enjoined from discriminating against Plaintiffs because of their sex;

      (b)     That Defendants be permanently enjoined from retaliating against Plaintiffs because of her sex or their assertion of this action;

      (c)     That Plaintiffs be awarded actual and consequential damages in an amount to be proven at trial, plus interest;

15

(d)    That Plaintiffs be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiffs suffered as a result of Defendants' conduct;

(e)    That Plaintiffs be awarded against Defendants the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee; and

(f)    That Plaintiffs be awarded such further relief as this Court deems to be just and proper, in an amount to be proven at trial.

## COUNT IV-TITLE IX
### Plaintiffs v. Wesley Spectrum Services, The Wesley Institute, Inc., Wesley Academy, The Wesley Institute, Inc. d/b/a Wesley Academy and Wesley Spectrum Services Foundation

83.    Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 82 as if fully set forth herein.

84.    As set forth above, Plaintiffs while students at Upper St. Clair School District were subjected to sexual assaults, rapes and other conduct of a sexual nature.

85.    The above described conduct was intentional and was directed at Plaintiffs and other female students because of their sex.

86.    The above described conduct was severe and pervasive in that Plaintiffs were subjected to sexual assaults and rapes.

87.    The above described conduct detrimentally affected Plaintiffs as they were required to attend school and study in an environment permeated with discriminatory intimidation, ridicule and sexual violence.

88.    The above described hostile environment would detrimentally affect a reasonable person in the same situation as Plaintiffs.

89.    Wesley Spectrum Services, The Wesley Institute, Inc., Wesley Academy, The Wesley

16

Institute, Inc. d/b/a Wesley Academy and Wesley Spectrum Services Foundation knew or were recklessly indifferent to the fact and existence of the charged sexual atmosphere in Upper St. Clair High School but failed to take action reasonably calculated to end the sexual harassment and assaults.

90.     As set forth above Wesley Spectrum Services, The Wesley Institute, Inc., Wesley Academy, The Wesley Institute, Inc. d/b/a Wesley Academy and Wesley Spectrum Services Foundation acted and failed to act with reckless indifference to Plaintiffs' federally protected right to attend school and study in a federally funded educational program or activity free from sexual harassment, assaults and rapes.

91.     By its actions and inactions, Wesley Spectrum Services, The Wesley Institute, Inc., Wesley Academy, The Wesley Institute, Inc. d/b/a Wesley Academy and Wesley Spectrum Services Foundation excluded Plaintiffs, because of their sex, from participation in educational programs and activities receiving federal financial assistance; denied Plaintiffs the benefits of educational programs and activities receiving federal financial assistance and subjected Plaintiffs to discrimination under educational programs and activities receiving federal financial assistance in violation of 20 U.S.C. § 1681(a).

92.     As a direct and proximate result of Defendants' creation of a hostile educational environment, Plaintiffs have sustained the injuries and damages set forth above.

WHEREFORE, Plaintiffs demand judgment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, against Wesley Spectrum Services, The Wesley Institute, Inc., Wesley Academy, The Wesley Institute, Inc. d/b/a Wesley Academy and Wesley Spectrum Services Foundation as follows:

17

(a)  That Defendants be permanently enjoined from discriminating against Plaintiffs on any basis forbidden;

(b)  That Plaintiffs be awarded compensatory and punitive damages in an amount to be proven at trial;

(c)  That Plaintiffs be awarded against Defendants the costs and expenses of this litigation, including a reasonable attorney's fee;

(d)  That Defendants be ordered to establish and enforce policies and procedures as required by Title IX and the regulations adopted pursuant to Title IX, designed to eliminate sexual harassment and assaults in its educational programs; and

(e)  That Plaintiffs be awarded such further relief as this Court deems to be just and proper, in an amount to be proven at trial.

## COUNT V-42 U.S.C. §1983
## Plaintiffs v. O'Toole, Kushner, Ghilani, Suritsky, Angelo, Palmer, Wagner and Von Waldow individually

93.  Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 92 as if fully restated herein.

94.  The conduct of these Defendants, as set forth at length above, permitted the creation of a hostile educational environment because of Plaintiffs' sex and therefore these Defendants intentionally discriminated against Plaintiffs because of their gender.

95.  Through their actions and inactions, these Defendants permitted or condoned the sexual assaults and rapes that Plaintiffs suffered.

96.  Plaintiffs did not welcome or consent to the sexual harassment, assaults or rapes.

97.  Nonetheless, these Defendants did not take any actions reasonably calculated to stop the conduct of Roe, and therefore Plaintiffs were forced to study and attend school in an environment where they were exposed to Roe's sexual harassment, assaults and rapes.

18

98.     Thus, these Defendants, in their capacities as Upper St. Clair officials and persons who could affect policy at Upper St. Clair High School had actual or apparent supervisory authority over Plaintiffs, and they allowed Roe to make submission to Roe's sexual assaults an explicit and implicit term or condition of Plaintiffs' attendance at school and completion of their academic year.

99.     These Defendants' actions and reckless indifference toward Plaintiffs and other female students created a sexually hostile education environment and therefore deprived Plaintiffs of Equal Protection of the Law, in violation of the 14th Amendment of the United States Constitution and 42 U.S.C. §1983.

100.     At all times relevant hereto, these Defendants acted and failed to act under color of state law, inasmuch as their actions constitute misuse of power possessed solely by virtue of state law and made possible only because these Defendants are and were clothed with the authority of state law.

101.     These Defendants' actions toward Plaintiffs were undertaken with reckless disregard of Plaintiffs' federally protected right to attend school and study in an environment free from sexual assault and discrimination because of their sex.

102.     The conduct by these Defendants, as set forth above, was a conscious choice on the part of Defendants to disregard Plaintiffs' constitutional rights, and deprived Plaintiffs, under color of state law, of liberty without Due Process of Law and of the  Equal Protection of the Law in violation of the 14th Amendment of the U.S. Constitution and 42 U.S.C. §1983.

103.     As a direct and proximate result of these Defendants' intentional and reckless actions, Plaintiffs have sustained the following injuries and damages:

      (a)     Great mental anguish and emotional strain;

      (b)     Loss of income and benefits;

19

(c)     Deprivation of the ordinary pleasures of life; and

(d)     Severe pain and suffering caused by exposure to a hostile educational environment and to Roe's sexual assaults and rapes.

WHEREFORE, Plaintiffs demand judgment against Defendants Dr. Patrick T. O'Toole, Dr. Terrence Kushner, Dr. Michael Ghilani, Dr. Sharon Suritsky, Louis Angelo, Jace B. Palmer, Jennifer Wagner and Esther R. Von Waldow for deprivation of their right to Equal Protection of the Law and damages as follows:

(a)     That Defendants be permanently enjoined from discriminating against Plaintiffs because of their sex;

(b)     That Defendants be permanently enjoined from retaliating against Plaintiffs because of her sex or their assertion of this action;

(c)     That Plaintiffs be awarded actual and consequential damages including lost wages in an amount to be proven at trial, plus interest;

(d)     That Plaintiffs be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiffs have suffered as a result of Defendants' conduct;

(e)     That Plaintiffs be awarded punitive damages in an amount sufficient to punish Defendants and to deter similar conduct;

(f)     That Plaintiffs be awarded against Defendants the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee; and

(g)     That Plaintiffs be awarded such further relief as this Court deems to be just and proper, in an amount to be proven at trial.

### COUNT VI-NEGLIGENCE
### Plaintiffs v. Wesley Spectrum Services, The Wesley Institute, Inc.,
### Wesley Academy, The Wesley Institute, Inc. d/b/a Wesley Academy,
### Wesley Spectrum Services Foundation and Von Waldow

104.     Plaintiffs incorporate by reference Paragraphs 1 through 103 as if fully restated herein.

105. At all times relevant hereto, Plaintiffs acted with reasonable care and prudence, and neither contributed to nor caused the damages complained of herein.

106. At all times relevant hereto, Wesley Defendants controlled, supervised, monitored and/or had a contractual obligation to provide Special Education Services to Upper St. Clair High School.

107. As such, these Defendants were aware that some of the special education students stayed at school after classes ended, and had access to unmonitored, unsecured areas of the school where sexual assaults were occurring.

108. At all times relevant hereto, Wesley Defendants controlled, supervised, monitored and/or were in charge of staffing competent employees to instruct and provide a safe environment to the special education students at Upper St. Clair High School.

109. Wesley Defendants' servants, agents, employees and/or assigns were engaged in and performed their duties within the scope of their authority and in the course of Defendants' duties.

110. These Defendants owed a duty to Plaintiffs to exercise that degree of skill, reasonable care, diligence and control of Upper St. Clair High School special education services that one in the position of Plaintiffs would reasonably expect and rely upon.

111. At all times relevant hereto, Wesley Defendants acted by and through their duly authorized agents, employees, servants and/or assigns who conducted themselves within the scope and course of their employment and/or agency for the benefit of their employer.

112. It was the duty of Wesley Defendants to keep and maintain Upper St. Clair High School special education environment as a reasonably safe situs for its students.

113. Notwithstanding this duty, these Defendants did, at the above time and place, and

for some time prior thereto, negligently, carelessly and/or recklessly keep and maintain Upper St. Clair High School in a dangerous and unsecured state where sexual harassment and assaults freely occurred without threat of punishment.

114.    Wesley Defendants caused and/or created this dangerous and unsecured state by their acts, failures to act, commissions and/or omissions.

115.    This above mentioned dangerousness and unsecured state created an unreasonable risk of harm being done to Upper St. Clair special education students, and caused Plaintiffs to suffer vicious sexual assaults and rapes, as described above, that were not sufficiently suppressed and/or promptly thwarted by Defendants.

116.    Wesley Defendants knew, should have known or had notice of the above dangerous, unsecured state and low level of security, and yet Defendants did allow and permit said state of affairs to arise and continue.

117.    Wesley Defendants are vicariously liable for the acts, failures to act, commissions and/or omissions of their instructors, teachers, aids, assistants and/or other employees at Upper St. Clair High School.

118.    Wesley Defendants are responsible for the negligent acts, failures to act, commissions or omissions of its instructors, teachers, aids, assistants and/or other employees at Upper St. Clair High School.

119.    At all times relevant hereto, these Defendants owed Plaintiffs a duty to formulate, adopt and enforce adequate rules, regulations, restrictions, procedures and policies ensuring and protecting the safety and security of special education students.

120.    Defendants had a duty to provide a reasonably safe and secure educational

environment to the Plaintiffs and other special education students of Upper St. Clair High School.

121. Defendants had a duty to ameliorate the risks inherent from dangerous individuals which they knew, or in the exercise of reasonable care and prudence should have known, had violent propensities.

122. Defendants owed a direct duty to Plaintiffs to provide, select, hire, employ, instruct, contract, supervise, oversee, train and retain only competent instructors, teachers, aids, assistants and/or other employees in conjunction with the security and safety of the premises and the special education students at Upper St. Clair High School.

123. Defendants owed a duty to students on the aforementioned premises, including Plaintiffs, to oversee the conduct of its agents, servants, employees and assigns in order to ensure the safety and security of all such students.

124. Defendants had a duty to prevent altercations and attacks, including the aforementioned vicious sexual attacks on Plaintiffs.

125. Defendants permitted instructors, teachers, aids, assistants and/or other employees to provide a safe and secure environment for Plaintiffs when Defendants knew, or in the exercise of reasonable care should have known, that said staff members were unable, by virtue of their training, experience and/or number, to adequately safeguard Plaintiffs' well-being.

126. At all times relevant hereto, Wesley Defendants knew or should have known of the negligent acts, failures to act, commissions and omissions of their instructors, teachers, aids, assistants and/or others at Upper St. Clair High School.

127. Wesley Defendants, through their agents, servants, employees and assigns, failed to exercise the degree of skill and care ordinarily exercised by entities and individuals who provide

special education services to school districts in conjunction with the safety and protection of its students.

128.    The sexual assaults on Plaintiffs originated, occurred and/or progressed unabated as a result of Defendants' negligence, carelessness and recklessness.

129.    Wesley Defendants had a duty to protect these special education students, such as Plaintiffs, from suffering vicious attacks which occurred on the premises of Upper St. Clair High School which Defendants was charged with controlling, supervising and monitoring.

130.    The damages and losses Plaintiffs sustained were the direct and/or proximate result of the negligence, carelessness and/or recklessness of Defendants.

131.    As a direct and/or proximate result of Defendants' acts, failures to act, commissions, omissions and/or negligent conduct, Plaintiffs were viciously sexually assaulted and raped and suffered severe injuries and as outlined in Paragraph 57 and is incorporated herein by reference.

WHEREFORE, Plaintiffs respectfully request judgment against Wesley Spectrum Services, The Wesley Institute, Inc., Wesley Academy, The Wesley Institute, Inc. d/b/a Wesley Academy, Wesley Spectrum Services Foundation and Von Waldow, in an amount to be proven at trial and costs.

Respectfully submitted,

**OGG, CORDES, MURPHY & IGNELZI**

/S/ Samuel J. Cordes
Samuel J. Cordes, Esquire
Philip A. Ignelzi, Esquire
Michael A. Murphy, Esquire
John D. Perkosky, Esquire

PA. I.D. # 54874 (Cordes)
PA. I.D. # 34286 (Ignelzi)
PA. I.D. # 55846 (Murphy)
PA. I.D. # 83083 (Perkosky)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

Attorneys for Plaintiffs