THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

JOAN DOE, a minor, by MARY DOE
and RICHARD DOE, her parents and
natural guardians and JANE POE, a
minor, by JUDY POE and JOHN
POE, her parents and natural guardians,

        Plaintiffs,

v.

UPPER ST. CLAIR SCHOOL DISTRICT;
DR. PATRICK T. O'TOOLE, in his
individual capacity; DR. TERRENCE
KUSHNER, in his individual capacity; DR.
MICHAEL GHILANI, in his individual capacity;
DR. SHARON SURITSKY, in her individual
capacity; LOU ANGELO, in his individual
capacity; JACE B. PALMER, in his individual
capacity; JENNIFER WAGNER, in her individual
capacity; WESLEY SPECTRUM SERVICES;
THE WESLEY INSTITUTE, INC.; WESLEY
ACADEMY; THE WESLEY INSTITUTE, INC.
d/b/a WESLEY ACADEMY; WESLEY
SPECTRUM SERVICES FOUNDATION;
ESTHER R. VON WALDOW f/k/a Esther
R. Haguel, in her individual capacity,

        Defendants.

Civil Action No. 09-338

JURY TRIAL DEMANDED

## ORDER OF COURT

AND NOW, this 20th day of March, 2009, upon consideration of Plaintiffs' Ex Parte Motion to Proceed Using a Pseudonym and for a Protective Order, it is hereby ORDERED as follows:

1.    Plaintiffs shall be granted leave to proceed using pseudonyms in all pleadings and other documents except as provided herein.

1

2. The identities of Plaintiffs shall be used by the party receiving the same solely for purposes of preparing for and conducting related pre-trial, post-trial and appellate proceedings in this litigation only, and for no other purpose.

3. The term "identities" as used herein shall mean Plaintiffs, their names, addresses, telephone numbers, dates of birth, social security numbers, email addresses and Education Records, as that term is defined in 20 U.S.C. §1232g, or any of the foregoing information about any members of Plaintiffs' immediate family.

4. Plaintiffs' identities may be disclosed, communicated or made available in whole or in part only to the following persons and only to the extent necessary for the proper conduct of this action or as otherwise directed by the Court:

   a. outside and inside counsel who represent the parties in this action, and the regular and temporary employees of those counsel assisting in the conduct of this action, and outside photocopying and document service companies, for use in accordance with this Protective Order;

   b. consultants or experts assisting counsel for the parties in this action;

   c. actual or potential deponents or witnesses in this action, and their counsel, during the course of, or to the extent necessary in preparation for, deposition or trial testimony in this action, or to the extent necessary to determine whether they are proper deponents or witnesses in this action;

   d. any person carrying on an insurance business who may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

   e. parties or representatives of parties; and

   f. the Court in this action, pursuant to Paragraph 6 of this Protective Order, and court reporters employed in connection with this action.

5. Counsel for any party filing with or submitting to the Court any materials disclosing

Plaintiffs' identities shall file with the materials, and serve on all parties, a notice that the documents are, or are claimed to be, the subject of this Protective Order, identifying this Order by date, and shall submit such documents with the Clerk under seal.

6. In any court hearing, or other proceeding before this Court, open to the public, counsel shall not disclose Plaintiffs' identities without prior written notice to all parties and an opportunity for them to seek relief from this Court.

7. Plaintiffs shall file under seal an un-redacted version of the Complaint in this action, in the real names of the Plaintiffs, in accordance with Fed. R. Civ. P. 10(a). The filed original of Plaintiffs' Complaint or any amendment thereto shall likewise be un-redacted and under seal. The service copies of any pleadings may redact Plaintiffs' names.

BY THE COURT:

_____