IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOAN DOE, a minor, by MARY DOE          )
and RICHARD DOE, her parents and        )
natural guardians, and JANE POE,        )
a minor, by JUDY POE and JOHN POE,      )
her parents and natural guardians,      )
                                        )
          Plaintiffs,                   )
                                        )
     v.                                 )    Civil Action No. 09-0338
                                        )
UPPER ST. CLAIR SCHOOL DISTRICT;        )
DR. PATRICK T. O'TOOLE, in his          )
individual capacity; DR. TERRENCE       )
KUSHNER, in his individual              )
capacity; DR. MICHAEL GHILANI, in       )
his individual capacity; DR. SHARON)
SURITSKY, in her individual             )
capacity; LOU ANGELO, in his            )
individual capacity; JACE B.            )
PALMER, in his individual capacity;)
JENNIFER WAGNER, in her individual )
capacity; WESLEY SPECTRUM SERVICES;)
THE WESLEY INSTITUTE, INC.; WESLEY )
ACADEMY; THE WESLEY INSTITUTE, INC.)
d/b/a/ WESLEY ACADEMY; WESLEY           )
SPECTRUM SERVICES FOUNDATION;           )
ESTHER R. VON WALDOW f/k/a/ ESTHER )
R. HAGUEL, in her individual            )
capacity,                               )
                                        )
          Defendants.                   )

MEMORANDUM and ORDER

Gary L. Lancaster
District Judge.                              August 28, 2009

          This is an action in civil rights brought by plaintiffs

Mary Doe and Richard Doe, on behalf of their minor daughter Joan

Doe, and Judy Poe and John Poe, on behalf of their minor daughter

Jane Poe.  Plaintiffs have alleged claims pursuant to Title IX of

the Civil Rights Act of 1964, 20 U.S.C. § 1681(a), and section 1983

of the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the Upper St. Clair School District, various Upper St. Clair School District officials, Wesley Spectrum Services and its related entities[1] ("the Wesley defendants"), and Esther von Waldow [doc. no. 1].  Plaintiffs also allege state law negligence claims against the Wesley defendants and defendant von Waldow.

Pending before the court is the Wesley defendants' and Esther von Waldow's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, motion for summary judgment pursuant to Fed.R.Civ.P. 12(d) and 56 [doc. no. 32].  For the reasons set forth below, the motion will be denied.

When deciding a motion to dismiss under Rule 12(b)(6), the facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiffs.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Phillips v. County of Allegheny, et al., 515 F.3d 224, 231 (3d Cir. 2008); Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). Applying this standard, we find that plaintiffs' complaint adequately alleges claims under Title IX, section 1983, and for negligence against the moving defendants.  The motion to dismiss will, therefore, be denied.

---

[1]

Defendants Wesley Spectrum Services, The Wesley Institute, Inc., Wesley Academy, The Wesley Institute d/b/a/ Wesley Academy, and Wesley Spectrum Services Foundation will be referred to collectively as "the Wesley defendants."

2

The moving defendants have also moved for summary judgment pursuant to Fed.R.Civ.P. 12(d) and 56. In support of their motion, defendants argue that plaintiffs' claims fail for the following reasons: (1) plaintiffs' section 1983 claims fail because neither the Wesley defendants nor defendant von Waldow were state actors, there was no state created danger, and no special relationship existed between plaintiffs and the moving defendants; (2) plaintiffs' Title IX claim against the Wesley defendants fails because the Wesley defendants were unable to take disciplinary action to correct any discrimination; and (3) plaintiffs' negligence claims fail because the moving defendants had no duty to protect plaintiffs against the criminal acts of a third party and because the moving defendants were independent contractors who had no ability to implement security measures [doc. no. 32 at ¶¶ 7-12]. We find that these arguments, which are based upon factual assertions, would be more appropriately raised in a motion for summary judgment once discovery is complete.

An appropriate order follows.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOAN DOE, a minor, by MARY DOE      )
and RICHARD DOE, her parents and    )
natural guardians, and JANE POE,    )
a minor, by JUDY POE and JOHN POE,  )
her parents and natural guardians,  )
                                    )
         Plaintiffs,                )
                                    )
    v.                              )     Civil Action No. 09-0338
                                    )
UPPER ST. CLAIR SCHOOL DISTRICT;    )
DR. PATRICK T. O'TOOLE, in his      )
individual capacity; DR. TERRENCE   )
KUSHNER, in his individual          )
capacity; DR. MICHAEL GHILANI, in   )
his individual capacity; DR. SHARON )
SURITSKY, in her individual         )
capacity; LOU ANGELO, in his        )
individual capacity; JACE B.        )
PALMER, in his individual capacity; )
JENNIFER WAGNER, in her individual  )
capacity; WESLEY SPECTRUM SERVICES; )
THE WESLEY INSTITUTE, INC.; WESLEY  )
ACADEMY; THE WESLEY INSTITUTE, INC. )
d/b/a/ WESLEY ACADEMY; WESLEY       )
SPECTRUM SERVICES FOUNDATION;       )
ESTHER R. VON WALDOW f/k/a/ ESTHER  )
R. HAGUEL, in her individual        )
capacity,                           )
                                    )
         Defendants.                )

## ORDER

AND NOW this 28th day of August, 2009, upon
consideration of the motion to dismiss [doc. no. 32] filed by
defendants Wesley Spectrum Services, The Wesley Institute, Inc.,
Wesley Academy, The Wesley Institute d/b/a/ Wesley Academy, Wesley
Spectrum Services Foundation, and Esther von Waldow and the
plaintiffs' response thereto, IT IS HEREBY ORDERED, ADJUDGED AND

DECREED that said motion is DENIED without prejudice.   Defendants
may raise the arguments set forth in the motion to dismiss in a
motion for summary judgment after discovery is complete and the
record has been fully developed.

BY THE COURT:

Gary L. Lancaster
United States District Judge

cc:   All counsel of record

2