IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE: UPPER ST. CLAIR )
SCHOOL DISTRICT LITIGATION )
) Civil Action Nos.
) 08-0910 & 09-0338

MEMORANDUM and ORDER

Gary L. Lancaster
Chief Judge.                                    December 15, 2010

This is an action in civil rights under section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983 and Title IX of the Civil Rights Act of 1964, 20 U.S.C. § 1681(a). [Doc. No. 1 in both cases]. Plaintiffs in case nos. 08-0910 and 09-0338 bring this action on behalf of their minor children, Jane Doe, Joan Doe and Jane Poe, who contend they were sexually assaulted on school grounds by another student, Michael Roe. Plaintiffs further contend that this act was in violation of the girls' constitutional right to bodily integrity, for which the school and its officials are responsible.

Plaintiffs in case no. 08-0910 claim that the assaults were the result of a state-created danger, and plaintiffs in case no. 09-0338 claim that they were the result of a policy, practice, or custom of the defendants to tolerate sexual assaults in school that demonstrated deliberate indifference to a risk of harm to their daughters. Plaintiffs in case no. 09-

0338 also bring a state-law negligence claim against defendant Ester Von Waldow and her employer, Wesley Spectrum Services. All plaintiffs further claim that defendants were deliberately indifferent to and failed to remedy a severe and pervasive climate of student sexual harassment that deprived Jane Doe, Joan Doe, and Jane Poe of educational opportunities under Title IX.

Defendants have filed motions for summary judgment [Doc. No. 118, in case no. 08-0910, and Doc Nos. 103 & 108 in case no. 09-0339]. Defendants argue that no constitutional deprivation occurred, because the constitution does not impose an affirmative duty on government officials to protect individuals from the violent acts of a private actor. Defendants also contend that all individual defendants are entitled to qualified immunity because a reasonable person in defendants' positions could have believed that his or her actions were proper based on clearly established law and the information actually possessed. Lastly, defendants note that defendant Von Waldow met her duty to the students in her care and, therefore, neither she nor her employer are liable in negligence.

For the reasons that follow, we will grant the motions for summary judgment as to Joan Doe, Ester Von Waldow, and her employer, Wesley Spectrum Services, but deny the motions as to all other defendants.

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248-49.

It is on this standard that the court has reviewed defendants' motion and plaintiffs' response thereto. Based on the pleadings and evidence of record, the arguments of counsel, and the briefs filed in support and opposition thereto, the court concludes, as a matter of law, that there remains a genuine dispute over material facts which precludes summary judgment in this matter as to plaintiffs Jane Doe and Jane Poe, including, but not limited to, whether school officials were actually aware of the danger posed by Michael Roe and were deliberately indifferent to it. A dispute of material fact also exists as to whether defendants' response to the complaints of sexual harassment was clearly unreasonable.

However, the court finds that on the undisputed facts of this case a reasonable jury could not find for plaintiffs against defendant Ester Von Waldow, and her employer, Wesley Spectrum Services. They are dismissed from this case. Nor could a jury acting reasonably find in favor of Joan Doe, thus her claim is dismissed.

Accordingly, this 15th day of December, 2010, upon consideration of defendants' motions for summary judgment, IT IS HEREBY ORDERED that defendants' motions are GRANTED as to Joan

Doe, Ester Von Waldow, and Wesley Spectrum Services. All other motions are DENIED.

BY THE COURT:

_____, J

cc: All Counsel of Record.